A03A0225. IN THE INTEREST OF D. C. et al., children.
(576 SE2d 77)

PHIPPS, Judge.

The DeKalb County Department of Family and Children Services (DFACS) instituted this child deprivation proceeding on behalf of D. C. (a six-year-old boy) and E. C. (a four-year-old girl). After conducting hearings, the Juvenile Court of DeKalb County found that DFACS had failed to prove by clear and convincing evidence that the children are deprived.[1] The children's guardian ad litem appeals, con-

---

[8] *Buice v. State*, 272 Ga. 323 (528 SE2d 788) (2000).
[1] See generally *In re Suggs*, 249 Ga. 365, 367 (291 SE2d 233) (1982) (clear and convincing evidence is necessary to support finding of deprivation in order to remove child from par-

tending in essence that the evidence demands a finding that the children are deprived. Viewed in the light most favorable to the court's judgment,[2] the evidence demands no such finding. We, therefore, affirm.

The evidence showed that the children were removed from their mother's custody because of her drug abuse and resulting criminal conviction. She complied with plans designed to reunify her with her children, and her son was returned to her care. He was, however, again removed from her custody, and the daughter was continued in foster care, because of concerns that the children would be in danger of sexual abuse if returned to their mother. These concerns were twofold. First, the maternal grandfather was living in close proximity to the mother, and there was evidence that he had sexually abused her when she was a child. And the psychologist treating the daughter testified that she had observed the child insert an object into her vagina and that the child indicated to her that she had learned this behavior from her stepfather.

At the hearings, the mother testified that her father (the children's maternal grandfather) could not have abused the children because he did not have unsupervised access to them and that her husband (the children's stepfather) had done nothing improper. There was no investigation of the allegations or suspicions of sexual abuse. No witness testified to observing any inappropriate behavior by either the stepfather or grandfather toward the children. Neither child was interviewed. Neither child testified.

The family's DFACS case manager testified that the mother had completed all goals set forth in case reunification plans except for the one requiring her to provide for the children's safety. But when asked to explain why that goal had not been met, the only behavior by the mother that the case manager could identify was exposure of the children to her cigarette smoke. As reasons for not returning the daughter to the mother, the psychologist treating the daughter testified that she remained much more heavily bonded to her foster mother, and that, based on her observations of the interaction between the mother and her children, she concluded that the mother lacked appropriate parenting skills. The supervisor of a counselor who had provided family therapy testified that although the mother had done all she could to get her children back, the daughter remained emotionally dependent on the foster mother. Testimony given by other

---

ent); *In the Interest of M. L. C.*, 249 Ga. App. 435, 436 (2) (548 SE2d 137) (2001) (under Georgia law, a child is deprived if the child is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals).

    [2] *In the Interest of J. P.*, 253 Ga. App. 732 (560 SE2d 318) (2002).

witnesses, including a parent aide who had been assigned to work with the mother, authorized the juvenile court to find that the mother has established a deep bond with the son; that she is in the process of bonding with the daughter; and that she and her husband take proper care of her two other children, have a suitable home for the two children who are the subject of this proceeding, and possess the ability to parent them properly.

The juvenile court was authorized to find that DFACS did not carry its burden of proving the allegations of deprivation by clear and convincing evidence, and that the natural mother's right to custody of her children has not been lost. The mother's request for the imposition of sanctions for frivolous appeal is denied.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 9, 2003.

*Saunders P. Jones IV, Marie Y. Watson*, for appellant.
*William M. Hill, Macklyn A. Smith*, for appellee.